1  **WO**

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9  John Michael Schunn,                )    No. Civ. 04-1905-PHX-NVW (MS)

10          Petitioner,                 )    **REPORT AND RECOMMENDATION**

11  vs.                                 )

12                                      )

13  Dora B. Schriro, et. al.,           )

14          Respondents.                )

15  _____)

16  **TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:**

17      On September 13, 2004, while confined at the Arizona State Prison Complex-

18  Eyman in Florence Arizona, Petitioner filed a Petition for Writ of Habeas Corpus

19  pursuant to 28 U.S.C. § 2254 in this Court. [Doc. 1].  Respondents filed an Answer

20  on January 25, 2005. [Doc. 14].   Petitioner's Reply was filed on April 15, 2005.

21  [Doc. 29].  The Court now Reports and Recommends as follows:

22  **I. Background**

23      Petitioner was convicted by a jury of burglary, armed robbery, sexual assault, and

24  three counts of kidnapping. [Doc. 15, Exh. A].  The charges stemmed from an

25  incident that occurred on January 18, 1993, when two men entered the Foxy Ladies

26  Mens Club and committed the alleged offenses. [Doc. 15, Exh. C]. One of the men,

27  Jon Robertson, was arrested on that date, but the second man was not found.  [Id.].

28  Robertson was convicted pursuant to a no contest plea, and served five years of a

1  seven and one-half year term of imprisonment. [Id.]. Six years later, Petitioner was

2  charged as the second perpetrator. [Id.]. Robertson identified Petitioner as the

3  second assailant at Petitioner's trial, and testified about the underlying events. [Id.].

4  The trial ended in a mistrial because the jury could not reach a verdict. [Id.]. The

5  State was unable to locate Robertson for Petitioner's retrial, and in light of his

6  unavailability, sought to introduce Robertson's testimony from the first trial into

7  evidence. [Id.]. Over objection, the trial court permitted the State to read

8  Robertson's prior testimony. [Id.]. Petitioner was found guilty. [Id.].

9  Petitioner filed an appeal, raising a single issue: whether the introduction of

10  Robertson's testimony, which was predicated on an erroneous finding of

11  unavailability, violated Petitioner's Sixth Amendment confrontation rights.  The

12  Arizona Court of Appeals affirmed on March 13, 2001. [Doc. 15, Exh. C].  The

13  Arizona Supreme Court summarily denied review on April 17, 2001.  [Doc. 15, Exh.

14  E].

15  Petitioner filed a Petition for Post-Conviction Relief on April 1, 2002, raising

16  several issues, including: whether "his constitutional rights were violated by the

17  introduction of coerced and tampered evidence"; whether evidence relating to his

18  prior criminal record was improperly introduced during trial; whether counsel's

19  request for a sur-rebuttal witness was improperly denied; whether conversations

20  Petitioner had in jail "were illegally taped and used during the trial"; whether triple-

21  hearsay testimony was improperly introduced; whether perjured testimony was

22  allowed; whether "the State failed to preserve crucial physical evidence"; whether

23  the State engaged in prosecutorial misconduct, and whether trial counsel was

24  ineffective. [Doc. 15, Exh. F, G]. The Superior Court found several of Petitioner's

25  claims either waived or precluded pursuant to Rule 32.2(a)(2), (3) of the Arizona

26  Rules of Criminal Procedure. [Doc. 15, Exh. G]. The Court dismissed Defendant's

27  claim that Robertson's testimony was coerced pursuant to Rule 32.5 of the Arizona

28  Rules of Criminal Procedure, and dismissed Petitioner's claim of prosecutorial

1   misconduct as unsupported.  [Id.].  Petitioner's claim of ineffective assistance of trial

2   counsel was denied on the merits. [Id.] The Arizona Court of Appeals and Arizona

3   Supreme Court summarily denied review. [Doc. 15, Exhs. I, K].

4       Petitioner filed the instant Petition for Writ of Habeas Corpus on September 13,

5   2004, raising eight grounds for relief.  In Ground 1, Petitioner claims that the

6   introduction of Jon Robertson's prior testimony violated Petitioner's right to

7   confrontation under the Sixth Amendment.  [Doc. 1].  In Ground 2, he asserts that

8   his appellate counsel was ineffective for failing to raise sufficient issues.  [Id.].  In

9   Ground 3, he asserts that his Fourteenth Amendment right to due process was

10  violated when the prosecution introduced known perjured and coerced testimony.

11  [Id.].  In Ground 4, he asserts that his Fourteenth Amendment right to due process

12  was violated when evidence of his prior bad acts and prior criminal history were

13  introduced.  [Id.].  In Ground 5, he asserts that his Sixth Amendment right to

14  compulsory process was violated when the trial court denied his request to call a

15  sur-rebuttal witness.  [Id.].  In Ground 6, he claims ineffective assistance of trial

16  counsel. [Id.].  In Ground 7, he asserts that  his Fourteenth Amendment right to due

17  process was violated when the prosecutor made reference to excluded evidence.

18  [Id.].  In Ground 8, he claims that  his Fourteenth Amendment right to due process

19  was violated when the state failed to preserve exculpatory evidence.  [Id.].

20  Respondents' oppose the Petition, asserting that all Petitioner's claims are

21  procedurally defaulted with the exception of his claim that his right to confrontation

22  was violated when the trial court permitted the admission of Jon Robertson's prior

23  testimony over objection.  [Doc. 14].

24  **II.  Motion for Notice of Intent to Strike Ground Six**

25      On February 24, 2005, Petitioner's Motion to Amend Petition for Writ of Habeas

26  Corpus was filed in this Court. [Doc. 22].  In his motion, Petitioner requested that the

27  Court strike ground six of his habeas petition, stating that he purposely omitted

28  ground six from the Petition for Review he filed with the Arizona Court of Appeals.

1  [Id.].  On March 3, 2005, this Court ordered Petitioner to either file a notice of intent
2  to strike ground six and have his remaining claims considered by this Court, or to file
3  a motion for stay and abeyance if he wished to return to state court to exhaust his
4  claim. [Doc. 23].  Petitioner's Motion for Notice of Intent to Strike Ground Six was
5  filed on March 21, 2005.  [Doc. 25].  Based on Petitioner's admission that he did not
6  attempt to properly exhaust his sixth ground for relief in state court and his Notice
7  of Intent, it is recommended that Petitioner's sixth ground for habeas relief be
8  dismissed.

9  **III. Exhaustion and Procedural Default**

10      No writ may be granted unless it appears that the applicant has exhausted the
11  remedies available in state courts. 28 U.S.C. §2254(b)(1)(A).  Under the exhaustion
12  doctrine, a petitioner must present his claims to the state courts on direct appeal or
13  through collateral proceedings before a federal court will consider a habeas corpus
14  petition.  Rose v. Lundy, 455 U.S. 509 (1982); Lindquist v. Gardner, 770 F.2d 876,
15  877 (9th Cir. 1985).  Specifically, exhaustion requires that a petitioner either fairly
16  present his or her claims to the Arizona Court of Appeals, Swoopes v. Sublett, 196
17  F.3d 1008, 1010 (9th Cir. 1999)(stating that "except in habeas petitions in capital
18  cases, claims of Arizona state prisoners are exhausted for purposes of federal
19  habeas once the Arizona Court of Appeals has ruled on them"), or show that no
20  state remedies remain available.  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.
21  1983) (citing Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982).  A petitioner must
22  fairly present the "substance of federal claims to the state courts in order to give the
23  State the opportunity to pass upon and to correct alleged violations of its prisoners'
24  federal rights."  Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  See also Baldwin
25  v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard
26  v. Connor, 404 U.S. 270, 278 (1971); Casey v. Moore, 386 F.3d 896, 911 (9th Cir.
27  2004).

28

1    A habeas court will not review a question of federal law if that question has been

2    decided by a state court and the court's decision "rests on a state law ground that

3    is independent of the federal question and adequate to support the judgment."

4    Coleman v. Thompson, 501 U.S. 722, 729 (1991); Park v. California, 202 F.3d 1146,

5    1151 (9th Cir. 2000).  The state law ground may be substantive or procedural.

6    Coleman, 501 U.S. at 729-30 (recognizing that the "independent and adequate state

7    ground" doctrine bars federal habeas corpus review where a state court "declined

8    to address a prisoner's federal claims because the prisoner had failed to meet a

9    state procedural requirement").  To be independent, "the state law basis for the

10   decision must not be interwoven with federal law."  LaCrosse v. Kernan, 244 F.3d

11   702, 704 (9th Cir. 2001).  See also Stewart v. Smith, 536 U.S. 856, 860

12   (2002)(stating that  "[I]f the state court's decision rested primarily on a ruling on the

13   merits . . ., its decision would not be independent of federal law.").  "To be deemed

14   adequate, the state law ground for decision must be well-established and

15   consistently applied."  Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003); see also

16   Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999)("A state procedural rule

17   constitutes an adequate bar to federal court review if it was 'firmly established and

18   regularly followed' at the time it was applied by the state court")(quoting Ford v.

19   Georgia, 498 U.S. 411, 424 (1991)).  Moreover, "[A] federal claimant's procedural

20   default precludes federal habeas review...only if the last state court rendering a

21   judgment in the case rests its judgment on the procedural default."  Harris v. Reed,

22   489 U.S. 255, 262 (1989).  When a petitioner procedurally defaults his federal claims

23   in state court "pursuant to an independent and adequate state rule," federal habeas

24   review of the claims is barred unless the petitioner demonstrates cause for the

25   default and actual prejudice from the alleged violation of federal law, or that failing

26   to review the claims "will result in a fundamental miscarriage of justice."  Coleman,

27   501 U.S. at 750.

28

1    In this case, Respondents contend that all of Petitioner's claims for relief, except

2  his first claim, are procedurally defaulted.  Specifically, Respondents contend that

3  Petitioner's fourth, fifth, seventh, and eighth claims were found precluded in state

4  court. Respondents assert that Petitioner did not present his second claim in a

5  petition for post-conviction relief, and did not fairly present his third claim as a federal

6  claim.  The Court will address each of Respondents' arguments separately.

7  **A. Preclusion (Grounds 4, 5, 7, 8)**

8    Petitioner's fourth, fifth, seventh, and eighth claims were each presented to the

9  Superior Court in his Petition for post-conviction relief.[1]  [Doc. 15, Exh. F].  In ruling

10  on Petitioner's petition, the Superior Court found each of these claims to be

11  precluded pursuant to Rule 32.2(a)(2), (3) of the Arizona Rules of Criminal

12  Procedure.[2]  [Doc. 15, Exh. G].  The Arizona Court of Appeals and Arizona Supreme

13  Court denied review.  [Doc. 15, Exhs. I, K].

14    Because the state courts held that Petitioner's failure to comply with a state

15  procedural rule precluded consideration of the foregoing claims, review by this Court

16

17    [1]  Petitioner's fourth ground fourth habeas relief was presented in his
18  state post-conviction relief petition as ground B; Petitioner's fifth habeas
     ground was state ground C; Petitioner's seventh habeas ground was
19  state ground E; and Petitioner's eighth habeas ground was ground H.
     [Doc. 15, Exh. F].

20    [2]  Rule 32.2(a) provides:

21

22    **a. Preclusion**. A defendant shall be precluded from relief under this
     rule based upon any ground:

23

24    (1) Raisable on direct appeal under Rule 31 or on post-trial motion
     under Rule 24;
25    (2) Finally adjudicated on the merits on appeal or in any previous
     collateral proceeding;
26    (3) That has been waived at trial, on appeal, or in any previous
     collateral proceeding.
27

28    Ariz. R. Crim. P. 32.2(a)(2), (3).

1   is barred if the state court decisions rested on independent and adequate state

2   grounds. <u>Coleman</u>, 501 U.S. at 729; <u>Park</u>, 202 F.3d at 1151. Here, the state court

3   ruling rested on Arizona Rule of Criminal Procedure Rule 32.2(a). This rule

4   precludes post-conviction relief for any claim that could have been raised in a

5   previous collateral proceeding or on direct review, except under limited

6   circumstances.[3] The preclusive effect of Arizona Rule of Criminal Procedure Rule

7   32.2(a)(3) is both independent and adequate.[4] <u>Smith</u>, 536 U.S. at 860 (finding Rule

8   32.2(a)(3) determinations independent of federal law); <u>Ortiz v. Stewart</u>, 149 F.3d

9   923, 932 (9th Cir. 1998)(finding Rule 32.2(a)(3) regularly followed and adequate);

10  <u>Carriger v. Lewis</u>, 971 F.2d 329, 333 (9th Cir. 1992)(rejecting argument that Arizona's

11  reliance on Rule 32.2(c) as a basis for procedural default was "so unpredictable and

12  irregular that it does not provide an adequate ground" for disposal of claims). The

13  proper application of the rule by the state courts in this case therefore precludes

14  review by this Court absent a showing of cause and prejudice or a miscarriage of

15  justice.

16  **B. Failure to Present Claim in a Petition for Post-Conviction Relief**

17  **(Ground 2)**

18  In his second ground for relief, Petitioner alleges ineffective assistance of

19  appellate counsel. Specifically, he asserts that his counsel was ineffective for failing

20

21

22  _____

23  [3]   An exception to this rule may exist under Rule 32.2(b) for a defendant
      who raises claims under Rules 32.1(d), (e), (f), (g), or (h). None of the
24    claims at issue here were raised under those subsections of Rule 32.1.

25  [4]   In <u>Cassett v. Stewart</u>, 406 F.3d 614 (9th Cir. 2005), the Ninth Circuit
      recognized that preclusion may not always be clear under Rule
26    32.2(a)(3) in cases of technical exhaustion and procedural default.
      However, <u>Cassett</u> did not involve an actual finding of preclusion by the
27    state court. Here, because the Superior Court clearly found preclusion,
      Petitioner's claims are procedurally barred.
28

1  to raise all the "specific issues he desired to be appealed".   [Doc. 1].[5]  Petitioner

2  asserts that, as a result of counsel's failure, he was forced to try to present his

3  issues *pro se* during post-conviction proceedings.

4     Petitioner challenged appellate counsel's effectiveness twice in state court:  in a

5  Petition for Rehearing filed with the trial court, and in the Petition for Review filed

6  after his Petition for Post-conviction Relief was denied.  He did not, however, present

7  his claim in a post-conviction relief petition.  The Superior Court denied Petitioner's

8  Petition for Rehearing on grounds that the claim was improperly raised.  [Doc. 15,

9  Exh. N].[6]  Petitioner then sought to raise the claim in a Petition for Review to the

10  Arizona Court of Appeals, but the Court of Appeals summarily denied relief.

11     The Court finds that Petitioner's claim was not fairly presented.   Although

12  Petitioner attempted to raise his claim in his Petition for Rehearing, the Court did not

13

14     [5]    Petitioner claims to have communicated these issues through
15     correspondence with his appellate counsel.   Petitioner does not
       indicate the substance of these issues in his habeas Petition.  In his
16     Reply, he asserts that he asked counsel to raise grounds one, three,
       four, five, six, seven and eight.

17     [6]    The trial judge ruled as follows:

18

19         "The Court has received and reviewed Defendant John Michael
       Schunn's (hereinafter "Petitioner") Pro-Per Petition for Re-Hearing for
20     Post-Conviction Relief.

21         The Court has reviewed the Court's file and more specifically the
22     pleadings filed related to Petitioner's Petition for Post-Conviction Relief.
       The Court's minute entry of September 16, 2002 lists all issues raised
23     by the Petitioner in his Petition for Post-Conviction Relief and reflects
       that the Petitioner did not raise the issue of ineffective assistance of
24     appellate counsel.  Since Petitioner's Petitioner for Re-Hearing of the
       Court's September 16, 2002 rulings are based on ineffective
25     assistance of appellate counsel, the Court finds that this issue cannot
26     be raised through a Petition for Re-Hearing.  Therefore,

27         IT IS ORDERED denying Petitioner's Petition for Rehearing on
28     Post-Conviction Relief."

1  reach the merits of the claim because it was not presented in a procedurally correct

2  manner.  A state court may decline to consider, on procedural grounds, an issue that

3  a petitioner improperly attempts to present.  Coleman, 501 U.S. at 732 (1991)("Just

4  as in those cases in which a state prisoner fails to exhaust state remedies, a habeas

5  petitioner who has failed to meet the State's procedural requirements for presenting

6  his federal claims has deprived the state courts of an opportunity to address those

7  claims in the first instance").  Presenting a claim in a procedural context in which the

8  merits would not ordinarily be considered does not constitute fair presentation.

9  Castille v. Peoples, 489 U.S. 346, 351 (1980); see also Roettgen v. Copeland, 33

10  F.3d 36, 38 (9th Cir. 1994)(claims presented through improper procedures are

11  deemed unexhausted); Kellotat, 719 F.2d at 1030 (invocation of abnormal procedure

12  does not amount to fair presentation).[7]  Therefore, the state courts did not have an

13  opportunity to pass upon Petitioner's federal claim.  Duncan, 513 U.S. at 365-66.

14      The fact that Petitioner attempted to present his claim in the Arizona Court of

15  Appeals does not require a different conclusion.  The United States Supreme Court

16  has held that, "[W]here there has been one reasoned state judgment rejecting a

17  federal claim, later unexplained orders upholding that judgment or rejecting the same

18  claim rest upon the same ground."  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

19  In accordance with the presumption established in Ylst, this Court presumes that the

20  Court of Appeals rejected Petitioner's second claim on the procedural ground cited

21  by the trial court.

22      Under state law, Petitioner may not now return to state court and re-assert his

23  unexhausted federal claims.  Rule 32 proceedings must be initiated within ninety

24  days of the entry of judgment and sentence or within thirty days of the order and

25

26

27      [7]      In addition, there is no indication that the state court decision was

28          inadequate or interwoven with federal law.

1   mandate affirming the judgment and sentence on direct appeal.[8] See Ariz.R.Crim.P.

2   32.4(a).  If Petitioner were now to return to state court, his claims would be time-

3   barred.  Because Petitioner would be precluded under Arizona law from returning to

4   state court to properly present his claims, the claims are procedurally defaulted.  See

5   Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).[9]

6   Moreover, even were Petitioner's presentation of his claims to the Arizona Court

7   of Appeals sufficient for purposes of exhaustion, this Court would deny the claims

8   as meritless.  To prevail on an ineffective assistance of appellate counsel claim, a

9   federal Petitioner must show both that counsel's performance was constitutionally

10  deficient, and that the deficiency was prejudicial.  Strickland v. Washington, 466 U.S.

11  668, 687-688 (1984).  To establish that counsel's performance was deficient, a

12  petitioner is required to show that, "counsel's representation fell below an objective

13  standard of reasonableness."  Strickland, 466 U.S. at 687-688.  In the appellate

14  context, prejudice is established by demonstrating a reasonable probability that, but

15  for his counsel's errors, the result of the appeal would have been different.

16  Strickland, 466 U.S. at 694; Morrison v. Estelle, 981 F.2d 425, 427 (9th Cir. 1992);

17  Miller v. Keeney, 882 F.2d 1428, 1433-34 (9th Cir. 1999).  A reasonable probability

18  is a probability sufficient to undermine confidence in the outcome.  Strickland, 466

19  U.S. at 694.  Under the prejudice prong, the question is whether "counsel's errors

20  were so serious as to deprive the defendant of a fair trial, a trial whose result is

21  reliable."  Id. at 687.

22

23

24          [8]    An exception to this rule may exist under Rule 32.2(b) for a defendant

25              who raises claims under Rules 32.1(d), (e), (f), (g), or (h).  None of the
                claims at issue here were raised under those subsections of Rule 32.1.
26

27          [9]    As explained below, Petitioner has not established either cause and

28              prejudice or a miscarriage of justice.

1    Here, §2254(d) does not mandate reversal of the state court decision.  Counsel's

2  failure to raise all the issues Petitioner himself would have chosen to raise does not

3  establish ineffectiveness.  See, e.g., Miller, 882 F.2d at 1434 ("[I]n many instances,

4  appellate counsel will fail to raise an issue because she foresees little or no

5  likelihood of success on that issue; indeed, the weeding out of weaker issues is

6  widely recognized as one of the hall marks of effective appellate advocacy").  See

7  also Strickland, 466 U.S. at 697-90 (recognizing that mere criticism of counsel's

8  tactics is not sufficient to support a charge of ineffective assistance of counsel);

9  Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001) (counsel's tactical decisions

10  about how to present a defense are not subject to an ineffective assistance of

11  counsel attack); Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980) ("Mere

12  criticism of a tactic or strategy is not in itself sufficient to support a charge of

13  inadequate representation").  Counsel acted within the spectrum of reasonable

14  representation.  Therefore, even if the Court finds that Petitioner's claim was not

15  procedurally defaulted, the Court recommends that the claim be denied.

16  **C.  Failure to Present as a Federal Issue (Ground 3)**

17    In his third claim for relief, Petitioner asserts that his Fourteenth Amendment right

18  to due process was violated when the prosecutor introduced "known perjured and

19  coerced testimony." [Doc. 1 at 7].  Respondents assert that Petitioner's claim was

20  never fairly presented to the state courts as a federal claim.  The Court agrees with

21  Respondents.

22    To fairly present a claim, a federal habeas petitioner must provide the state courts

23  with a fair opportunity to apply controlling legal principles to the facts bearing upon

24  the federal constitutional claim.  Baldwin, 541 U.S. at 29; Duncan, 513 U.S. at 365-

25  66.  The state prisoner must describe in the state proceedings both the operative

26  facts and the federal legal theory on which his claim is based.  Anderson, 459 U.S.

27  at 6 (citing Picard, 404 U.S. at 276-77); see also Kelly v. Small, 315 F.3d 1063, 1066

28  (9th Cir. 2003);  Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000), amended at

1   247 F.3d 904 (9th Cir. 2001)(holding that a petitioner must characterize the claims

2   raised in state proceedings "specifically as federal claims").  Generally, the petitioner

3   must reference specific provisions of the federal constitution, federal statute, or

4   federal case law.  Lyons, 232 F.3d at 670.  General appeals to broad constitutional

5   principles such as due process, equal protection, and the right to a fair trial are

6   insufficient to establish exhaustion.  See Gray v. Netherland, 518 U.S. 152, 163

7   (1996); Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).

8      Here, Petitioner made only broad a reference to the "unconstitutional use" of

9   testimony and a blanket assertion that the introduction of the testimony violated his

10  "constitutional right to due process and a fair trial." [Doc. 15, Exh. F at 7, 10, 11, 18].

11  Petitioner cited only Arizona statutory provisions in support of his claim.  He did not

12  cite any federal cases or state cases that would alert the state courts fo the federal

13  nature of his claim.  Petitioner's broad appeals to constitutional notions do not satisfy

14  the exhaustion requirement.   Gray, 518 U.S. 152, 163 (1996); Hivala, 195 F.3d

15  at1106.[10]

16     Like Petitioner's second claim, Petitioner's third claim would be time-barred were

17  he to return to state court.  See Ariz.R.Crim.P. 32.4(a).  Thus, Petitioner's third claim

18

19  _____

20         [10]     Moreover, to the extent that Petitioner's third ground for relief could be
              deemed fairly presented, it may be procedurally barred. The Superior
21            Court dismissed Plaintiff's state court claim for failure to comply with
              Rule 32.5 of the Arizona Rules of Criminal Procedure, which provides
22            in part that a Petitioner must file a statement under oath and file other
              available affidavits, records or evidence with his Petition.  Ariz. R. Crim.
23            P. 32.5 ("The defendant shall include every ground known to him or her
              for vacating, reducing, correcting or otherwise changing all judgments
24            or sentences imposed upon him or her, and certify that he or she has
              done so. Facts within the defendant's personal knowledge shall be
25            noted separately from other allegations of fact and shall be under oath.
              Affidavits, records, or other evidence currently available to the
26            defendant supporting the allegations of the petition shall be attached to
27            it. . . .").
28

1 is procedurally defaulted and may be considered on habeas only upon a showing of

2 cause and prejudice or a miscarriage of justice. Beaty, 303 F.3d at 987. See also

3 Coleman, 501 U.S. at 750; Griffin v. Johnson, 350 F.3d 956, 960 (9th Cir. 2003).

4 **D. Cause, Prejudice and Miscarriage of Justice**

5 For the foregoing reasons, Petitioner's second, third, fourth, fifth, seventh, and

6 eighth claims are procedurally defaulted. Federal habeas review of the merits of

7 these procedurally defaulted claims is barred unless Petitioner can show cause for

8 the procedural default and actual prejudice, or that failure to consider his claims will

9 result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Griffin,

10 350 F.3d at 960.

11 "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting

12 from the alleged constitutional violation." Magby v. Wawrzaszek, 741 F.2d 240, 244

13 (9th Cir. 1984). If the petitioner fails to establish cause for his procedural default, the

14 court need not consider whether petitioner has shown actual prejudice resulting from

15 the constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986). To show

16 a fundamental miscarriage of justice, a petitioner must make the extraordinary

17 showing that the alleged constitutional violation probably resulted in the conviction

18 of an innocent person. Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier,

19 477 U.S. 478, 496 (1986). The circumstances constituting a fundamental

20 miscarriage of justice apply in only a "narrow class of cases." Schlup, 513 U.S. at

21 321. To establish actual innocence, the petitioner must show that considering all the

22 evidence, "it is more likely than not that no reasonable juror would have convicted

23 him." Id. at 327-28.

24 Petitioner has not put forth any arguments sufficient to support a finding of cause

25 or prejudice that would excuse his default with respect to the precluded claims. The

26 only arguments he makes that can be construed as providing potential grounds for

27 cause and prejudice are his assertions that he lacked access to a lawyer and a law

28

1  library while preparing his petitions and that his appellate counsel failed to raise
2  sufficient issues on direct appeal.

3      Cause and prejudice are not established by Petitioner's assertion that his
4  appellate counsel should have identified and presented more claims.  Although
5  constitutionally ineffective assistance of counsel can constitute cause for a
6  procedural default, "the mere fact that counsel failed to recognize the factual or legal
7  basis for a claim, or failed to raise the claim despite recognizing it, does not
8  constitute cause for a procedural default."  Murray, 477 U.S. at 486.  Ordinarily, a
9  prisoner must establish that counsel's assistance was so ineffective that it fell below
10  constitutional standards or show that an objective factor external to the defense
11  impeded counsel's ability to comply with the state procedural rule.  Id.   The record
12  does not support such a conclusion here.   For the reasons set forth above in
13  connection with the Court's discussion of Petitioner's ineffective assistance of
14  appellate counsel claim, the Court finds that counsel was not constitutionally
15  ineffective.  The Court also finds no impediment to raising the issues Petitioner now
16  alleges should have been raised.  Rather, the arguments Petitioner puts forth are the
17  type of arguments found not to establish cause in Murray.

18      Similarly, Petitioner's claim that he lacked access to a lawyer or law library while
19  preparing his petitions does not establish cause.  The claims found precluded in the
20  trial court were precluded because Petitioner waived or failed to raise them on direct
21  appeal or because his claims were adjudicated in connection with his motion for a
22  new trial. [Doc. 15, Exh. G].  Petitioner had the assistance of counsel on direct
23  appeal and in connection with his motion for a new trial.  Moreover, Petitioner's *pro*
24  *se* status does not amount to cause sufficient to set aside a procedural default.
25  Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908-09 (9th Cir. 1986).

26      The Court is additionally satisfied that any failure to consider Petitioner's claims
27  will not amount to a fundamental miscarriage of justice.  Petitioner alleges that no
28  reasonable juror would have convicted him had the trial court not committed the

1   various errors alleged in Petitioner's habeas petition.   For the reasons set forth
2   throughout this Report and Recommendation, the Court finds no constitutional error.
3   Petitioner has not made the extraordinary showing that his case falls within the
4   "narrow class of cases" in which an innocent person was probably convicted
5   because of an alleged constitutional violation.   Schlup, 513 U.S. at 321; Murray, 477
6   U.S. at 496.

7       Federal habeas review of Petitioner's procedurally defaulted claims is barred.  The
8   Court therefore recommends that grounds two, three, four, five, seven and eight be
9   dismissed with prejudice.

10  **IV.  Analysis of Non-Precluded Claims**

11     **A. Standard of Review**

12      Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this
13  Court shall not grant a petition for writ of habeas corpus with respect to any claim
14  adjudicated on the merits in state court unless (1) the decision by the state court was
15  "contrary to, or involved an unreasonable application of, clearly established Federal
16  law, as determined by the Supreme Court of the United States"; or (2) the decision
17  by the state court was based on an unreasonable determination of the facts in light
18  of the evidence presented.  28 U.S.C. § 2254(d).  A state court decision is "contrary
19  to clearly established precedent" if the state court applies a rule that contradicts the
20  governing law set forth by the Supreme Court or arrives at a different result than the
21  Supreme Court in a case involving facts that are materially indistinguishable from a
22  Supreme Court case.  See Lockyer v. Andrade, 538 U.S. 63, 73 (2003).  "Under the
23  'unreasonable application' clause, a federal habeas court may grant the writ if the
24  state court identifies the correct governing legal principle from this Court's decisions
25  but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 75
26  (quoting Williams v. Taylor, 529 U.S. 362, 406, 413 (2000)).

27      State court rulings and factual findings are presumed to be correct where they are
28  supported by the record.  See 28 U.S.C. § 2254(e)(1).  Petitioners "have the burden

- 15 -

1   of rebutting the presumption of correctness by clear and convincing evidence."  Id.

2   Where the state court summarily denies relief without providing rationale, this court

3   "review[s] the record to determine whether the state court's decision contravened,

4   or unreasonably applied, clearly established law."  Wilson v. Czerniak, 355 F.3d

5   1151, 1154 (9th Cir. 2004)(citing Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir.

6   2000)).  See also Luna v. Cambra, 306 F.3d 954, 960 (9th Cir. 2002), amended at

7   311 F.3d 928 (9th Cir. 2002).  In such cases, this Court does not independently

8   decide the contested legal question, but instead determines whether §2254(d)

9   mandates reversal of the state court decision.  Greene, 288 F.3d at 1089; Delgado,

10  223 F.3d at 982.

11  **B. Confrontation Clause (Ground 1)**

12  Petitioner alleges that his right to confrontation was violated when the prior

13  testimony of Jon Robertson was admitted and used at trial despite the state's failure

14  to use due diligence to secure his presence at trial.  [Docs. 1, 29]. Petitioner alleges

15  that had due diligence been exercised, Mr. Robertson would not have been able to

16  appear and would not have been found "unavailable".[11]  [Id.].  He further claims that,

17  Mr. Robertsons' testimony should not have been admitted because Mr. Robertson

18  was coerced by the prosecution and the testimony therefore did not bear sufficient

19  indicia of reliability.  [Id.].

20  The right to confront witnesses is a fundamental right.  Pointer v. Texas, 380 U.S.

21  400, 403-04 (1965).  It is one of the safeguards essential to a fair trial. Pointer, 380

22  U.S. at 404, quoting Alford v. United States, 282 U.S. 687, 692 (1931); Douglas v.

23  Alabama, 380 U.S. 415, 418-19 (1965).  "The central concern of the Confrontation

24

25      [11]    Petitioner asserts that he does not dispute the state courts' "findings of

26  historical fact."  He disputes "only whether those facts support the legal
    conclusions that the state put forth a good-faith effort to produce

27  Robertson and that his testimony bore sufficient indicia of reliability
    after admittedly [sic.] being improperly threatened and coerced by

28  both the prosecutor and his detective." [Doc. 29 at 7].

1 Clause is to ensure the reliability of the evidence against a criminal defendant by
2 subjecting it to rigorous testing in the context of an adversary proceeding before the
3 trier of fact."  Maryland v. Craig,  497 U.S. 836, 845-46 (1990).

4     In Crawford v. Washington, 541 U.S. 36 (2004), the United States Supreme Court
5 reconsidered its prior Confrontation Clause jurisprudence relating to the admission
6 of prior statements of unavailable witnesses.   Prior to Crawford, the test for
7 determining whether an unavailable declarant's statement could be offered into
8 evidence was whether the statement bore "adequate indicia of reliability," either
9 because it fell within a "firmly rooted" hearsay exception or because it bore
10 "particularized guarantees of trustworthiness."  Ohio v. Roberts, 448 U.S. 56, 66
11 (1980), *overruled in part by* Crawford, 541 U.S. 36.   In Crawford, the Court
12 distinguished between testimonial evidence offered against a criminal defendant and
13 other types of evidence.  The Crawford Court held that testimonial evidence may not
14 be introduced against a criminal defendant unless the declarant is unavailable and
15 the defendant had a prior opportunity to cross-examine the declarant.   Crawford,
16 541 U.S. at 68. The Court concluded, "[w]here testimonial statements are at issue,
17 the only indicium of reliability sufficient to satisfy constitutional demands is the one
18 the Constitution actually prescribes: confrontation."  Id.; see also United States v.
19 Wilmore,  381 F.3d 868, 871-872 (9th Cir. 2004).[12]

20     Here, Robertsons' prior testimony from Petitioner's first trial was offered into
21 evidence.    At the first trial, Petitioner was represented by counsel and Robertson
22 was subject to cross-examination in Petitioner's presence.    Robertson's prior
23 testimony was clearly "testimonial" evidence. Crawford, 541 U.S. at 68 ("[W]hatever
24 else the term covers, it applies at a minimum to prior testimony at a preliminary
25 hearing, before a grand jury, or at a former trial; and to police interrogations).  Thus,

26
27        [12]     The Ninth Circuit found Crawford to be retroactive in Bockting v. Bayer,
28 399 F.3d 1010 (9th Cir. 2005)(applying Teague v. Lane, 489 U.S. 288 (1989)).

1   pursuant to Crawford, the critical inquiry is whether Robertson was properly found

2   to be "unavailable."

3        Rule 804(a)(5) of the Federal Rules of Evidence and Rule 804(a)(5) of the Arizona

4   Rules of Evidence provide that a declarant may be found unavailable where he "is

5   absent from the hearing and the proponent of a statement has been unable to

6   procure the declarant's attendance . . . by process or other reasonable means."

7   Fed. R. Evid. 804 (a)(5); Ariz. R. Evid. 804(a)(5).  The United States Supreme Court

8   has further recognized that, for confrontation clause purposes, a witness is not

9   "unavailable" unless the prosecutor makes a good faith effort to obtain the witness's

10  presence.  Roberts, 448 U.S. at 100;[13] see also Barber v. Page, 390 U.S. 719,

11  724-25 (1968); U.S. v. Winn, 767 F.2d 527, 530 (9th Cir. 1985).  "The lengths to

12  which the prosecution must go to produce a witness . . . is a question of

13  reasonableness." Roberts, 448 U.S. at 73 (quoting California v. Green, 399 U.S.

14  149, 189 n. 22 (1970) (Harlan, J., concurring) ).

15       The Arizona Court of Appeals properly considered the relevant factors in this

16  case.  The Court explicitly recognized that the prosecution must make a good-faith,

17  diligent effort to secure a witness for trial.  The Court then determined that the State

18  made such efforts by taking a variety of actions, including:

19       telephone conversations with Robertson regarding the trial and the need to serve
20       him with a subpoena, numerous messages on Robertson's voice mail, none of
         which were returned; personal contact with members of Robertson's family and
21       his former employers; attempts to locate him at the residences of other family
         members; contact with persons in Alaska with whom Robertson had associated;
22       investigation of numerous construction sites where Robertson might be working;
         and surveillance of the union hall where Robertson was a member, of his father's
23       residence and of his former employer's place of business.

24  [Doc. 15, Exh. C at 4].  The efforts that were undertaken by the prosecution and

25  relied on by the Arizona Court of Appeals were reasonable and in good faith.   The

26  Court therefore finds the Arizona Court of Appeals' opinion was consistent with and

27  _____

28       [13]     This portion of Roberts was not overruled by the Court in Crawford.

1  a reasonable application of the principles governing Confrontation Clause cases,

2  and recommends that Petitioner's first claim for relief be denied.

3  **V. Recommendation**

4  Based on the foregoing, the court recommends that Petitioner's Sixth Ground for

5  Relief be **dismissed** pursuant to his Motion for Notice of Intent to Strike Ground Six,

6  filed on March 21, 2005. [Doc. 25]. The Court further recommends that Petitioner's

7  Petition for Writ of Habeas Corpus [Doc. 1] be **denied and dismissed with**

8  **prejudice.**

9  This recommendation is not an order that is immediately appealable to the Ninth

10  Circuit Court of Appeals. Any notice of Appeal pursuant to Rule 4(a)(1), Federal

11  Rules of Appellate Procedure, should not be filed until entry of the district court's

12  judgment. The parties shall have ten (10) days from the date of service of a copy

13  of this recommendation within which to file specific written objections with the Court.

14  28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil

15  Procedure. Failure to timely file objections to any factual determinations of the

16  Magistrate Judge will be considered a waiver of a party's right to *de novo*

17  consideration of the factual issues and will constitute a waiver of a party's right to

18  appellate review of the findings of fact in an order or judgment entered pursuant to

19  the Magistrate Judge's recommendation.

20

DATED this 25th day of January, 2006.

21

22

23  _____

24  Morton Sitver
United States Magistrate Judge

25

26

27

28

- 19 -